JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TROY DAMON MERKE

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Feldman, Shepherd, Wohlgelernter, Tanner, Weinstock & Dodig LLP
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

## DEFENDANTS
UNITED STATES OF AMERICA
c/o UNITED STATES DEPT. OF HEALTH AND HUMAN SERVICES

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C.A. §1346(b); 28 U.S.C.A. §2674; 28 U.S.C.A. §1367; 28 U.S.C.A. §2675(a)

Brief description of cause:
Tort Claims Act - failure to diagnose emerging abdominal aortic aneurysm

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  5/8/18
SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 226 East Haines Street, Philadelphia PA 19144

Address of Defendant: 150 S. Independence Mall West Public Ledger Bldg, Suite 436 Philadelphia PA 19106

Place of Accident, Incident or Transaction: Philadelphia VA Hospital 3900 Woodland Avenue, Philadelphia PA 19104
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify)  Tort Claims Act

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, Daniel S. Weinstock, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5/8/18         _____         17940
                     Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/8/18         _____         17940
                     Attorney-at-Law                Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

<u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

| TROY DAMON MERKE | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| UNITED STATES OF AMERICA | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 5/8/18 | /s/ | Daniel S. Weinstock |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| 215-567-8300 | 215-567-8333 | dweinstock@feldmanshepherd.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MERMUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY DAMON MERKE<br>226 East Haines Street<br>Philadelphia, PA 19144,<br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA<br>c/o UNITED STATES DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES<br>150 S. Independence Mall West<br>Public Ledger Building, Suite 436<br>Philadelphia, PA 19106,<br>        Defendant. | CIVIL ACTION:<br><br>DOCKET NO.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT IN CIVIL ACTION

### PARTIES

1. Plaintiff, Troy Damon Merke, ("Mr. Merke"), is an adult individual, citizen and resident of the Commonwealth of Pennsylvania, residing at 226 East Haines Street, Philadelphia, Pennsylvania 19144.

2. At all relevant times, Defendant, United States of America, employed Kathleen M. Beaver, M.D., ("Dr. Beaver"), a licensed physician specializing in the field of emergency medicine. By virtue of this employment relationship, the United States of America is responsible for the negligence of Dr. Beaver as detailed below. At all relevant times, Dr. Beaver provided medical services at the Philadelphia Veterans Administration Hospital ("the Philadelphia VA Hospital"), which is a federal agency located in Philadelphia, Pennsylvania.

3. At all relevant times, Dr. Beaver had privileges at the Philadelphia VA Hospital, which was located at 3900 Woodland Avenue, Philadelphia, Pennsylvania 19104 and was acting as its employee, servant, agent and/or actual agent.

4. At all relevant times, Dr. Beaver was acting within the course and scope of her employment relationship with the United States of America and/or her employment relationship with the Philadelphia VA Hospital, both of which are federal agencies, and/or within her agency and/or ostensible agency relationship with the Philadelphia VA Hospital therefore making the United States of America and/or the Philadelphia VA Hospital liable for her negligence.

5. At all relevant times, Defendant, United States of America, employed Kevin Duffy, Jr., M.D., ("Dr. Duffy"), a licensed physician specializing in the field of cardiology. By virtue of this employment relationship, the United States of America is responsible for the negligence of Dr. Duffy as detailed below. At all relevant times, Dr. Duffy provided medical services at the Philadelphia VA Hospital, which is a federal agency located in Philadelphia, Pennsylvania.

6. At all relevant times, Dr. Duffy had privileges at the Philadelphia VA Hospital, which was located at 3900 Woodland Avenue, Philadelphia, Pennsylvania 19104 and was acting as its employee, servant, agent and/or actual agent.

7. At all relevant times, Dr. Duffy was acting within the course and scope of his employment relationship with the United States of America and/or his employment relationship with the Philadelphia VA Hospital, both of which are federal agencies, and/or within his agency and/or ostensible agency relationship with the Philadelphia VA Hospital therefore making the United States of America and/or the Philadelphia VA Hospital liable for his negligence.

8. At all relevant times, Defendant, United States of America, employed Alexander T. Ruutiainen, M.D., ("Dr. Ruutiainen"), a licensed physician specializing in the field of radiology. By virtue of this employment relationship, the United States of America is responsible for the negligence of Dr. Ruutiainen as detailed below. At all relevant times, Dr. Ruutiainen provided medical services at the Philadelphia VA Hospital, which is a federal agency located in Philadelphia, Pennsylvania.

9. At all relevant times, Dr. Ruutiainen had privileges at the Philadelphia VA Hospital, which was located at 3900 Woodland Avenue, Philadelphia, Pennsylvania 19104 and was acting as its employee, servant, agent and/or actual agent.

10. At all relevant times, Dr. Ruutiainen was acting within the course and scope of his employment relationship with the United States of America and/or his employment relationship with the Philadelphia VA Hospital, both of which are federal agencies, and/or within his agency and/or ostensible agency relationship with the Philadelphia VA Hospital therefore making the United States of America and/or the Philadelphia VA Hospital liable for his negligence.

11. At all relevant times, Defendant, United States of America, employed Kristy L. Reinert, M.D., ("Dr. Reinert"), a licensed physician specializing in the field of radiology. By virtue of this employment relationship, the United States of America is responsible for the negligence of Dr. Reinert as detailed below. At all relevant times, Dr. Reinert provided medical services at the Philadelphia VA Hospital, which is a federal agency located in Philadelphia, Pennsylvania.

12. At all relevant times, Dr. Reinert had privileges at the Philadelphia VA Hospital, which was located at 3900 Woodland Avenue, Philadelphia, Pennsylvania 19104 and was acting as its employee, servant, agent and/or actual agent.

13. At all relevant times, Dr. Reinert was acting within the course and scope of her employment relationship with the United States of America and/or her employment relationship with the Philadelphia VA Hospital, both of which are federal agencies, and/or within her agency and/or ostensible agency relationship with the Philadelphia VA Hospital therefore making the United States of America and/or the Philadelphia VA Hospital liable for her negligence.

14. At all relevant times, Defendant, United States of America, employed Alexander Glaser, M.D., ("Dr. Glaser"), a licensed physician specializing in the field of internal medicine. By virtue of this employment relationship, the United States of America is responsible for the negligence of Dr. Glaser as detailed below. At all relevant times, Dr. Glaser provided medical services at the Philadelphia VA Hospital, which is a federal agency located in Philadelphia, Pennsylvania.

15. At all relevant times, Dr. Glaser had privileges at the Philadelphia VA Hospital, which was located at 3900 Woodland Avenue, Philadelphia, Pennsylvania 19104 and was acting as its employee, servant, agent and/or actual agent.

16. At all relevant times, Dr. Glaser was acting within the course and scope of his employment relationship with the United States of America and/or his employment relationship with the Philadelphia VA Hospital, both of which are federal agencies, and/or within his agency and/or ostensible agency relationship with the Philadelphia VA Hospital therefore making the United States of America and/or the Philadelphia VA Hospital liable for his negligence.

17. Plaintiff is asserting professional liability claims against Defendant, United States of America. Consequently, in conformity with Pa.R.C.P. 1042.3, Plaintiff has obtained written statements from appropriately licensed professionals and Certificates of Merit as to each

physician whose negligence serves as a basis for the Defendant's liability, which is attached hereto as Exhibit "A."

18. At all relevant times, Plaintiff, Mr. Merke, was under the medical and/or nursing care of all Defendants directly and/or indirectly by and through their employees, servants, agents, ostensible agents and/or persons under the Defendant's direct control or right of control. These persons include, but are not limited to, Dr. Beaver, Dr. Duffy, Dr. Ruutiainen, Dr. Glaser, Dr. Reinert, and other healthcare providers involved in the care of Mr. Merke whose identities are presently known only to Defendants.

19. At all relevant times, all Defendants involved in the care of Mr. Merke were engaged in the practice of medicine, pursuing their specialties and were obligated to utilize in the practice of their profession, the skill, knowledge and care they possessed in order to pursue their professions in accordance with reasonably safe and accepted standards of medicine in general, and their specialties in particular.

20. Defendant, United States of America, by and through their employees, servants, agents, ostensible agents including, but not limited to, Dr. Beaver, Dr. Duffy, Dr. Ruutiainen, Dr. Glaser, Dr. Reinert, undertook to provide healthcare related services to Mr. Merke beginning with his presentation at the Philadelphia VA Hospital on January 26, 2017 through January 28, 2017.

21. The egregious injuries suffered by Mr. Merke were caused by the wrongful acts, negligence and carelessness of Defendant, United States of America, and their employees, servants, agents, ostensible agents, subsidiaries, including but not limited to, Dr. Beaver, Dr. Duffy, Dr. Ruutiainen, Dr. Glaser, Dr. Reinert, and were not caused or contributed to by any act or omission on the part of the Plaintiff.

## JURISDICTION AND VENUE

22. This Court's jurisdiction is invoked pursuant to the Federal Tort Claims Act, 28 U.S.C.A. §1346(b) and 2674 as well as 28 U.S.C.A. §1367 and 28 U.S.C.A. §2675(a).

23. On or about October 6, 2017, Plaintiff presented a Standard Form 95 Claim with the Department of Health and Human Services.

24. To date, more than six months after the presentation of that claim, the Department of Health and Human Services has failed to make a final disposition.

25. Under 28 U.S.C.A. §2675(a), the failure of the Department of Health and Human Services to make a final disposition of the claim is deemed a denial from which Plaintiff is permitted to initiate this action.

26. The amount in controversy exceeds $150,000.00 on each count exclusive of costs and interest.

27. Venue in the Eastern District of Pennsylvania is proper under 28 U.S.C.A. §1391 because the events or omissions giving rise to this action occurred within this district.

## FACTUAL BACKGROUND

28. On January 26, 2017, Troy Merke, then fifty-one (51) years old, presented to the emergency department of the Philadelphia VA Hospital with complaints of chest pain and lower back pain.

29. Mr. Merke was examined by Kathleen M. Beaver, M.D., an emergency department attending physician.

30. An assessment in the emergency department revealed mildly elevated troponin levels and a stable EKG.

31. An abdominal ultrasound was performed. Dr. Ruutiainen, a radiologist, interpreted the abdominal ultrasound and noted: "[s]tudy limited to due body habitus. It is

6

possible to evaluate gross aortic size, but detailed assessment is not possible - for example for a dissection." Despite the inconclusive findings, Dr. Ruuitiainen's impression was: "[n]o evidence of abdominal aortic aneurysm (AAA)."

32. In her progress note, Dr. Beaver noted that the abdominal ultrasound, interpreted by Dr. Ruuitiainen, revealed "no evidence of an abdominal aortic aneurysm; otherwise, the study is quite limited." Despite noting that the abdominal ultrasound study was "limited," Dr. Beaver concluded in the impression of her progress note "[u]ltrasound obtained to exclude [abdominal] aortic enlargement."

33. Mr. Merke was given aspirin and nitropaste. A heparin drip was started, and medications were given for pain, and he was admitted to the Telemetry Unit.

34. Upon admission to the Telemetry Unit, Dr. Glaser, an internal medicine resident, assessed Mr. Merke and wrote a detailed history and physical note. In his note, Dr. Glaser noted, "[ultrasound] of abdominal aorta was negative for AAA."

35. Dr. Glaser's history and physical note was co-signed by Dr. Reinert, an attending physician. Dr. Reinert also wrote her own addendum note indicating that she had seen and examined Mr. Merke, "reviewed data," and "agree with the findings and plan of care."

36. On January 27, 2017, Dr. Duffy, a cardiology fellow, saw Mr. Merke. Dr. Duffy performed an assessment of Mr. Merke and noted that the abdominal ultrasound showed "no evidence of AAA." Dr. Duffy then ordered that Mr. Merke be transferred to the Hospital of the University of Pennsylvania ("HUP") for cardiac catheterization.

37. On January 27, 2017 at approximately 3:00 p.m., Mr. Merke was transferred to HUP for cardiac catheterization. According to Mr. Merke's medical records at HUP, the

catheterization revealed "non-obstructive coronary artery disease." After the cardiac catheterization, Mr. Merke was transferred back to the Philadelphia VA Hospital.

38. On January 28, 2017 at approximately 5:00 a.m., Mr. Merke was noted to have an elevated blood pressure of 202/100.

39. At approximately 6:00am, a nurse noted that she heard Mr. Merke "screaming in the hallway." Upon assessment, Mr. Merke was complaining of severe back and hip pain.

40. According to the nursing notes, an on-call physician, was notified. Soon thereafter, Mr. Merke complained that he could not move his legs.

41. A STAT CTA was ordered, revealing an aortic dissection. At approximately 9:30am, Mr. Merke was transferred emergently to HUP for emergency dissection repair.

42. Mr. Merke remained at HUP until February 12, 2017 when he was transferred to Good Shepherd Penn Partners Rehabilitation where he remained until March 29, 2017.

## COUNT I – NEGLIGENCE
### Troy Damon Merke v. United States of America

43. The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

44. The negligence and carelessness of defendant United States of America is based on the negligence of its employees, servants, agents, ostensible agents, including but not limited to, Dr. Beaver, Dr. Duffy, Dr. Ruutiainen, Dr. Glaser, and Dr. Reinert, and consists of one or more of the following:

    a. Failing to timely assess Mr. Merke;

    b. Failing to appropriately evaluate and treat Mr. Merke;

      c.      Failing to appropriately perform the January 26, 2017 abdominal ultrasound;

      d.      Failing to order additional studies to conclusively rule in or rule out an emerging abdominal aortic aneurysm;

      e.      Failing to order appropriate and timely consults;

      f.      Failing to timely recognize Mr. Merke's emerging abdominal aortic aneurysm; and

      g.      Failing to timely treat Mr. Merke's abdominal aortic aneurysm.

45. The negligence of the United States of America, including its employees, servants, agents, ostensible agents, including but not limited to Dr. Beaver, Dr. Duffy, Dr. Ruutiainen, Dr. Glaser, and Dr. Reinert was a substantial and contributing factor in causing plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff Troy Merke hereby demands judgment in his favor and against defendant United States of America, jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together with interest and costs.

## DAMAGES

46. The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

47. As a result of defendant's negligence, Mr. Merke has suffered devastating and permanent physical and emotional injuries and emotional harm as a result of the medical condition noted above.

48. As a further result of defendant's negligence, Mr. Merke has suffered severe and permanent physical pain, disability, suffering and mental anguish and will continue to suffer same for the rest of his life.

49. As a result of the defendant's negligence, Mr. Merke will suffer a complete and permanent loss of earnings and earning capacity.

50. As a further result of defendant's negligence, Mr. Merke has and will be required to undergo physical and rehabilitative treatment and will be expected to require such for the balance of his lifetime.

51. As a further result of defendant's negligence, Mr. Merke will be obligated to extend various and large sums of money for medications, medical treatment, rehabilitation and care and will be required to expend same throughout the balance of his lifetime.

52. As a further result of defendant's negligence, Mr. Merke has suffered and will continue to suffer for the balance of his lifetime a compromise of normal and independent lifestyle and ability to carry out normal activities of daily living.

**WHEREFORE**, Plaintiff, Troy Damon Merke, hereby demands judgment in his favor and against defendant United States of America, jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together with interest and costs.

FELDMAN SHEPHERD WOHLGELERNTER
TANNER WEINSTOCK & DODIG, LLP

By: _____
Daniel S Weinstock, Esquire
dweinstock@feldmanshepherd.com
G. Scott Vezina, Esquire
svezina@feldmanshepherd.com
Carolyn M. Chopko, Esquire
cchopko@feldmanshepherd.com
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
215-567-8300 - office
215-567-8333 – fax
*Attorneys for Plaintiff, Troy Damon Merke*

Dated: 5/8/18

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY DAMON MERKE<br>226 East Haines Street<br>Philadelphia, PA 19144,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>c/o UNITED STATES DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES<br>150 S. Independence Mall West<br>Public Ledger Building, Suite 436<br>Philadelphia, PA 19106,<br>      Defendant. | CIVIL ACTION:<br><br><br><br>DOCKET NO.<br><br><br><br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF MERIT AS TO
## <u>UNITED STATES OF AMERICA</u>

I, Daniel S. Weinstock, Esquire, certify that:

☐    an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

☑    the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other

licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

☐ expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

_____
Daniel S. Weinstock

Date: 5/8/18